UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAE PRODUCTIONS, INC.                  *
5614 Connecticut Avenue, N.W.          *
Suite 341                              *
Washington, D.C.  20015-2601           *
                                       *
    Plaintiff,                         *
                                       *   Civil Action No. 15-1245
    v.                                 *
                                       *
DEPARTMENT OF STATE                    *
2201 C Street, NW                      *
Washington, DC 20520                   *
                                       *
    Defendant.                         *
                                       *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records improperly withheld from plaintiff SAE Productions, Inc., by the defendant Department of State.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff SAE Productions, Inc. ("SAE") is a production and research news organization that produces documentaries and articles on matters relating to international terrorism and which maintains an office in the District of Columbia. It's president, Steven Emerson ("Mr. Emerson"), is a recognized expert on terrorism. Mr. Emerson frequently publishes articles in, among others, the *New Republic* and *Wall Street Journal* and

produces television documentaries such as the 1994 production *Jihad in America*, which was broadcast on public television and focused on the United States fundraising activities of Middle Eastern terrorist groups. SAE has previously been recognized as a "representative of the news media" for FOIA fee category purposes.

4.   Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by SAE which are the subject of this action.

## COUNT ONE

5.   By letter dated June 30, 2014, SAE submitted to State a FOIA request which specifically sought Presidential Study Directive 11 ("PSD-11"). SAE clarified that it was seeking the copy of PSD-11 that State would reasonably be likely to have received in furtherance of its overall agency mission to coordinate the formulation of U.S. foreign policy.

6.   In the FOIA request, SAE explained that – according to an article by Gulf News Report, dated June 18, 2014 – President Barack H. Obama ("President Obama") issued PSD-11 in 2010 for the purpose of ordering an assessment of the Muslim Brotherhood and other "political Islamist" movements. SAE further noted that the assessment resulted in the United States shifting its longstanding policy of supporting "stability" in the Middle East and North Africa to a policy of backing "moderate" Islamic political movements. According to the Gulf News Report article, the Al Hewar Center in Washington, D.C. had already obtained a copy of the PSD-11 document.

7.   SAE further clarified that the scope of State's search should include all cross-references and should not be limited to State-originated records. SAE also requested that responsive records be produced in electronic form.

8. By letter dated July 14, 2015, State acknowledged receipt of SAE's FOIA request and assigned it Case Control Number F-2014-11563. In its acknowledgement letter, State indicated that it was designating SAE as a "representative of the news media" for fee purposes.

9. In an e-mail dated August 6, 2014, State informed SAE that the estimated date of completion was December 2015.

10. To date, no substantive response has been received by SAE from State. SAE has constructively and actually exhausted all required administrative remedies.

11. SAE has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by State of said right.

## COUNT TWO

12. By letter dated July 9, 2014, SAE submitted a FOIA request to State requesting copies of all documents identified in the Gulf News Report article, dated June 18, 2014, which discussed the existence of PSD-11. The FOIA request further sought copies of all documents being processed pursuant to a separate pending FOIA lawsuit in which, per the Gulf News Report article, thousands of pages of documentation concerning State's dealings with the Muslim Brotherhood were being declassified and prepared for release. SAE clarified that records and documents previously released under FOIA should be construed as falling within the scope of its FOIA request.

13. In the FOIA request, SAE clarified that it was seeking expedited release of any documents or records that had already been separately released via FOIA to another requester. SAE further clarified that the scope of State's search should include all cross-references and should not be limited to State-originated records. SAE also requested that responsive records be produced in electronic form.

14. By letter dated July 23, 2014, State acknowledged receipt of SAE's FOIA request and assigned it Case Control Number F-2014-12035. In its acknowledgement letter, State indicated that it was designating SAE as a "representative of the news media" for fee purposes.

15. In an e-mail dated August 1, 2014, SAE employee Abha Shankar notified State that the original FOIA requester in the separate FOIA litigation referenced in SAE's FOIA request was Middle East Briefing, a weekly publication of the Orient Advisory Group.

16. By e-mail dated August 6, 2014, State acknowledged receipt of the clarifying information. State indicated, however, that it had not yet formulated an estimated date of completion for this FOIA request.

17. To date, no substantive response has been received by SAE from State. SAE has constructively and actually exhausted all required administrative remedies.

18. SAE has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by State of said right.

WHEREFORE, plaintiff SAE Productions, Inc. prays that this Court:

(1) Orders the defendant federal agency to disclose the requested records in their entirety and make copies promptly available to the plaintiff;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   August 3, 2015

                                                                        Respectfully submitted,

                                                                         /s/
                                                         _____
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiff